UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERESA Y. WEINACKER,**<br><br>    Plaintiff,<br><br>vs.<br><br>**HENRY A. CALLAWAY, et al.,**<br><br>    Defendants. | Civil Action Number<br>1:16-cv-389-AKK |

## MEMORANDUM OPINION AND ORDER

Teresa Y. Weinacker brings this action against Henry A. Callaway, Hand Arendall, LLC, Robert Stevenson, Michael Henry, and National Loan Acquisitions Company (collectively "Defendants") pursuant to 28 U.S.C. §§1331 and 1332, alleging various causes of action under Alabama law. Doc. 1 at 2, 5–12. The defendants have moved to dismiss for lack of subject-matter jurisdiction to hear the dispute. Doc. 14. Specifically, they contend that because Weinacker shares the same citizenship as some of the defendants, this court cannot hear this dispute. For the reasons below, the motion to dismiss is due to be granted.

Article III courts are courts of limited jurisdiction and can only hear claims for which they are authorized to do so. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Palmore v. United States*, 411 U.S. 389

(1973). Therefore, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir. 2005); 28 U.S.C. § 1331. Where a court lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255 (11th Cir. 2000). The burden of establishing jurisdiction, then, rests on the pleader who must "affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Where a plaintiff seeks to invoke federal jurisdiction based on diversity of citizenship, "the complaint must allege that the plaintiff and the defendants are citizens of different states." *Eisenberg v. McCulley*, 606 F. App'x 570, 570–71 (11th Cir. 2015). Put simply, "[d]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Turning to the facts at issue, Weinacker, an Alabama resident, has filed this lawsuit against two out-of-state defendants and at least three defendants who are also residents of Alabama. Doc. 1 at 1. Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction only exists where there is complete diversity between the parties. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, the existence of the Alabama defendants destroys this court's diversity jurisdiction.

*Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). Weinacker's reliance on *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967), for the contention that she can satisfy the jurisdictional requirements by 'minimal diversity,' *see* doc. 15, is misplaced. *Tashire* addressed the interpleader statute, 28 U.S.C. § 1335, which applies where there are "two or more adverse claimants, of diverse citizenship," and was concerned with the problems "posed by multiple claimants to a single fund." *Tashire*, 386 U.S. at 530. In contrast, Weinacker is the sole claimant and has based her claim of jurisdiction on 28 U.S.C. § 1332, which requires complete diversity between the parties.

Weinacker's alternative contention that subject matter jurisdiction exists under 28 U.S.C. § 1331 because she has purportedly pleaded a claim arising under federal law, also misses the mark. This argument centers on Weinacker's claim that federal law is implicated because she is suing these defendants as a result of her criminal conviction in federal court. Doc. 15 at 2–3. Unfortunately for Weinacker, a claim arises under federal law, and therefore satisfies federal question jurisdiction, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law . . ." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 103 S. Ct. 2841, 2846 (1983). Put simply, to maintain a claim under § 1331, Weinacker needs to allege that the principal issue in this case involves the construction or application of

federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 311–313 (2005). That the Defendants' alleged fraudulent conduct purportedly led to her conviction of federal crimes unfortunately does not establish that her state law claims against them involves the construction of federal law.

Accordingly, the motion to dismiss, doc. 14, is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**DONE** the 29th day of September, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE